# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

KENTRELL HILL,                                                                                    PETITIONER
ADC #95734

v.                                        5:12-cv-00125-BSM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now pending before the Court is Defendant's Motion to Dismiss (Doc. No. 14) the Petition for Writ of Habeas Corpus (Doc. No. 2). For good cause shown, the Motion to Dismiss should be granted.

## I.      BACKGROUND

On January 25, 2005, a Ouachita County jury found Kentrell Hill guilty of two counts of delivery of cocaine, one count of possession of cocaine with intent to deliver, one count of second-offense possession of cocaine, one count of possession of drug paraphernalia, one count of maintaining a drug premises, and an enhancement for distribution of cocaine near certain facilities. (Doc. No. 15-2 at 1-5.) He was sentenced to 135 years of imprisonment in the Arkansas Department of Correction. (*Id.*) Hill appealed his delivery-of-cocaine and

possession-of-cocaine with-intent-to-deliver convictions to the Arkansas Court of Appeals.[1] The court affirmed those convictions and entered its mandate on April 11, 2006. (Doc. No. 15-6.)

On June 14, 2006, Hill filed a Rule 37 petition (Doc. No. 15-7 at 1-6) with the Ouachita County Circuit Court which was dismissed as untimely on January 22, 2008. (Doc. No. 15-8 at 2.) He filed a notice of appeal but never proceeded with the appeal. (Doc. No. 15-11.) Hill later filed a petition for writ of habeas corpus pursuant to Ark. Code Ann. § 16-90-111 (Doc. No. 15-12) in circuit court, which was denied on May 11, 2012. Hill filed the instant habeas petition on April 9, 2012. (Doc. No. 2.)

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), a petitioner must file his or her federal habeas petition within one (1) year from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[1] *Hill v. State*, CACR 05-992, 2006 WL 715790, at *1 (Ark. Ct. App. March 22, 2006).

The one-year statute of limitations period is subject to tolling under 28 U.S.C. § 2244(d)(2) by a properly filed application for state post-conviction relief while it is pending. *Id.* A state petition or application will be considered "properly filed" if it complies with the respective state's " 'conditions to filing' such as 'the time limits upon its delivery.' " *Lewis v. Norris*, 454 F.3d 778, 781-82 (8th Cir. 2006) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

After carefully reviewing the record, the Court finds that Hill's Petition is untimely. The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arkansas Court of Appeals filed the mandate on April 11, 2006. This was the conclusion of direct review for purposes of 28 U.S.C. § 2244(d)(1)(A). And because Hill's Rule 37 Petition was untimely, it was not properly filed for purposes of 28 U.S.C. § 2244(d)(2), and did not toll the limitations period.[2] Thus, Hill had until April 11, 2007 to file his federal habeas petition. By filing the instant Petition on April 9, 2012, he was nearly five years late.

There is no indication in the record that Hill diligently pursued his rights regarding the instant claims or that some extraordinary circumstance prevented timely filing. Consequently, Hill is not entitled to equitable tolling in this case.

---

[2] The time during which Hill's § 16-90-111 petition was pending could not toll the statute of limitations because it was filed after the limitations period had already expired. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

4

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Respondent's Motion to Dismiss (Doc. No. 14) be GRANTED.

2. Mr. Hill's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice.

DATED this 13th day of June, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE